IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| David A. Aronson, | ) | No. CV 05-481-TUC-FRZ |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Michael J. Astrue, Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## I. **BACKGROUND**

Pending before the Court is Plaintiff's Motion for Summary Judgment pertaining to the denial of disability benefits by the Administrative Law Judge ("ALJ") in his case.  Also pending before the Court is Defendant's Cross-Motion for Summary Judgment and Motion to Remand regarding the same denial of disability benefits.

United States Magistrate Judge Jacqueline Marshall issued a Report and Recommendation which recommended denying  Plaintiff's Motion for Summary Judgment, denying Defendant's Cross-Motion for Summary Judgment, and granting Defendant's Motion to Remand.  The Report and Recommendation indicated that any party could file written objections.  Plaintiff filed objections to the Report and Recommendation, and Defendant filed a response to those objections; Defendant did not file any separate objections.

## II. **STANDARD OF REVIEW**

The Court reviews de novo the objected-to portions of the Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   The Court reviews for clear error the

1  unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*,

2  170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204

3  (D. Or. 1998).

4  **III.  DISCUSSION[1] OF DEFENDANT'S OBJECTIONS**

5    **A.  Award of Benefits or Remand**

6    Plaintiff primarily argues that based on the record before the Court, Plaintiff has

7  established a clear disability and therefore benefits should be immediately awarded.  Plaintiff

8  argues that the Report and Recommendation improperly relied on an unpublished case in

9  deciding to remand the case.  Plaintiff also argues that as this is his second civil action, the

10  Commissioner of Social Security should not have another opportunity on remand to litigate

11  issues pertaining to his alleged disability.  Lastly, Plaintiff argues that one of his treating

12  physicians opined that Plaintiff was restricted to part-time work, and therefore a finding of

13  disability is warranted on the record.

14    A district court has discretion to remand for further proceedings or to award benefits.

15  *See McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir.1989).  A reviewing court should

16  credit improperly rejected evidence and remand the matter for an award of benefits only

17  when: "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such

18  evidence, (2) there are no outstanding issues that must be resolved before a determination of

19  disability can be made, and (3) it is clear from the record that the ALJ would be required to

20  find the claimant disabled were such evidence credited." *Harman v. Apfel*, 211 F.3d 1172,

21  1178 (9th Cir. 2000)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.1996)).

22  Generally, a remand for an "award of benefits [is appropriate only] in cases where no useful

23  purpose would be served by further administrative proceedings." *Id.* at 1399 (citation and

24  internal quotes omitted). It is "the unusual case in which it is clear from the record the

25  claimant is unable to perform gainful employment in the national economy" justifying an

26

27    [1]As the Report and Recommendation throughly discussed the relevant facts and law, the
   Court will not repeat that entire discussion; rather, the Court will only discuss these issues as
28  necessary to resolve the specific objections filed by Plaintiff.

immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). This is not one of those unusual cases. The Report and Recommendation correctly determined that additional issues needed to be addressed on remand before a final determination of disability could be resolved, and addressed this issue as follows:

> Aronson asserts that substantial evidence does not support the ALJ's conclusion that he had transferrable skills to work in an unskilled job as a surveillance system monitor, or in the semi-skilled jobs of information clerk or telephone solicitor. Additionally, Aronson argues that even if he can work as an unskilled surveillance system monitor, such a job is not available in significant numbers in Arizona.
>
> In his decision, the ALJ stated that "the vocational expert identified the following skills the claimant possesses from his past relevant work: basic computer skills (keyboarding, logging information), and clerking skills such as filing and telephone answering." (Tr. 396). Aronson contends it was improper for the VE to conclude that he had transferable skills based on his use of a computer in a "school" and his ability to play computer solitaire. In fairness to the ALJ, Aronson also testified that he spent a significant period of time after his second surgery doing light duty work at the mine, which included performing clerical tasks and logging data on a computer. (Tr. 527 & 529). As Aronson testified, he worked in this position from December 1998 through April 1999. (Tr. 431, 442). However, a review of the record in its entirety establishes that Aronson's computer skills were rudimentary at best. He testified that he worked "one key at a time . . . ," and that he had never sent or received an e-mail. (Tr. 543-44). He described Google as "something playing on the computer." (Tr. 544). The ALJ neither provided this information in the hypothetical posed to the VE, nor discounted this testimony in his decision. That leaves the record in an incomplete state and renders it impossible to evaluate whether substantial evidence supported the ALJ's decision as it relates to the finding that Aronson had skills transferrable to the semi-skilled (information clerk and telephone solicitor) jobs identified by the VE . . . The ALJ is better suited to address the credibility of Aronson's testimony regarding his computer and clerical skills. The ALJ will then, if necessary based on the credibility determination, offer a new hypothetical to the VE. In fact, coupled with the stipulated fact that the ALJ applied an erroneous "substantial evidence" standard to the decision as a whole, this case clearly warrants remand. *See Varney v. Secretary of Health and Human Services,* 859 F.2d 1396, 1401 (9th Cir. 1988) ("outstanding issues that must be resolved before a proper disability determination can be made.").

*See* Report and Recommendation at 7-9. In addition to the credibility issues pertaining to Aronson's computer and clerical skills, the Report and Recommendation also found that the ALJ was better suited to evaluate whether there was a significant number of jobs available to Plaintiff if he did not retain any skills transferrable to semi-skilled jobs. As the Report and Recommendation appropriately found that additional issues needed to be resolved on remand, Plaintiff's objections pertaining to an immediate award of benefits are denied.

1

**B.  Remand and the Dictionary of Occupational Titles ("DOT")**

2

Plaintiff argues that the Report and Recommendation should not have affirmed the

3

ALJ's decision with respect to the DOT.  The Report and Recommendation addressed this

4

issue as follows:

5
6
> Once it is determined that a claimant cannot perform his past relevant work, the burden shifts to the Commissioner to show that the claimant has skills that are transferable to other jobs in the national economy. *Beecher v. Heckler,* 756 F.2d 693, 695 (9th Cir. 1985).

7
8
9
> Aronson asserts that, because SSR 00-4p was ignored, the ALJ did not satisfy this burden.  SSR 00-4p provides that when there is an apparent unresolved conflict between the vocational expert's testimony and the DOT, the ALJ must clarify the discrepancy.  In Aronson's case, the ALJ presented the following hypothetical to the VE:

10
11
12
13
14
> > I'd like you to assume an individual of the claimant's education and work background, and age being 43 years, not his present age.  And assume that the individual is limited to performing sedentary work, requires a sit/stand option. And the individual has vision in only – has good vision in only one eye.  And has partial deafness in one ear.  With those limitations, could – are there any jobs that exist in substantial numbers that that individual could perform?

15
16
17
18
> (Tr. 538-39).  In response to the hypothetical, the vocational expert identified three jobs that she believed Aronson could perform: information clerk, surveillance system monitor, and telephone solicitor.  (Tr. 539-40).  The problem, as Aronson points out, is that each of these jobs is described in the DOT as "sedentary" and do not, at least as categorized in the DOT, allow the sit/stand option as proposed in the hypothetical.  Under SSR 00-4p, the ALJ was thus obligated to explore this inconsistency with the VE.  *Johnson v. Shalala*, 60 F.3d 1428 (9th Cir. 1995) (the DOT acts as a rebuttable presumption which can be rebutted by the testimony of a vocational expert).

19

20
21
22
> In rebutting the  presumption as to the classification of a job, the Commissioner "may take administrative notice of any reliable job information, including . . . the services of a vocational expert."  *Id.* at 1435 (citation and internal quotation marks omitted). If the testimony of the vocational expert contradicts the DOT, the ALJ may rely on that testimony,"but only insofar as the record contains persuasive evidence to support the deviation." *Id.*  Here, the VE explained that, although the jobs are considered sedentary,

23
24
> > it's my understanding from seeing those jobs performed, that you can stand as long as you stay in proximity to your, you know, to your work station.

25
26
27
28
> (Tr. 540).  Although it would have been helpful if this explanation of the deviation would  have been further developed, it is sufficient to rebut the classification of the jobs identified by the VE and constitute "persuasive evidence" to support the deviation.  While each of the identified jobs involves activities that are normally completed more comfortably while sitting, they are also readily performed standing.  The Court will not second guess the ALJ's failure to more fully explore the basis for the VE's "understanding" of these

jobs when the basis is patently obvious.  The VE's testimony therefore constitutes persuasive evidence supporting the deviation.

*See* Report and Recommendation at 6-7.  Plaintiff argues that the DOT classifies the three jobs of information clerk, surveillance system monitor, and telephone solicitor as "sedentary" jobs which require an employee to sit for prolonged periods of time.  As Plaintiff's alleged disability requires a sit/stand option, the Vocational Expert's opinion that Plaintiff is capable of performing the three sedentary jobs in question are inconsistent with the DOT, and therefore the Vocational Expert's explanation (i.e., "it's my understanding from seeing those jobs performed, that you can stand as long as you stay in proximity to your, you know, to your work station") was insufficient.  Plaintiff also argues that these jobs may require him to both view a monitor and type at the same time, and that his need to periodically stand makes it more difficult to perform these jobs.  The Court finds that further examination of this issue is warranted, and therefore this issue shall also be further developed on remand consistent with SSR 00-4p.

### C. Remaining Issues

As to the remaining issues that were not objected to by the parties, the Court has reviewed the entire record and concludes that Magistrate Judge Marshall's recommendations are not clearly erroneous.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

(1) United States Magistrate Judge Marshall's Report and Recommendation (Doc. #35) is **accepted and adopted in part and rejected in part.**

(2) Plaintiff's Motion for Summary Judgment (Doc. #14) is **denied**.

(3) Defendant's Cross-Motion for Summary Judgment is **denied**, and it's Motion to Remand (Doc. #26) is **granted**.

1 (4) This case is **REMANDED** to the Commissioner for further administrative proceedings

2 in accordance with this Order and the adopted portions of the Report and Recommendation.

3 (5) The **Clerk of the Court shall enter judgment accordingly** and **close the file in this**

4 **matter**.

5

6            DATED this 9th day of May, 2007.

7

8

9

10

11

12                                        FRANK R. ZAPATA
                                          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28